William D. Hyslop
United States Attorney
Eastern District of Washington
Ian L. Garriques
Assistant United States Attorney
402 E. Yakima Ave., Ste. 210
Yakima, WA 98901-2760
Telephone: (509) 454-4425

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Mar 04, 2020

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) NO. 1:19-CR-2054-SAB |
| v. | ) |
| RUBEN TREY SALINAS III, | ) Plea Agreement |
| Defendant. | ) |

Plaintiff United States of America, by and through William D. Hyslop, United States Attorney, and Ian L. Garriques, Assistant United States Attorney, for the Eastern District of Washington, and Defendant Ruben Trey Salinas III (hereinafter "Defendant"), and the Defendant's counsel, Robin C. Emmans, agree to the following Plea Agreement:

1. <u>Guilty Plea and Maximum Statutory Penalties</u>:

The Defendant agrees to plead guilty to the Indictment filed on November 13, 2019, charging the Defendant with Felon in Possession of Firearm, in violation of 18 U.S.C. § 922(g)(1), 924(a)(2).

The Defendant understands that the maximum statutory penalty for Felon in Possession of Firearm, in violation of 18 U.S.C. § 922(g)(1), 924(a)(2), is 10 years; a fine of $250,000; or both; a term of supervised release of not more than 3 years; and a $100 special penalty assessment.

The Defendant understands that a violation of a condition of supervised release carries an additional penalty of re-imprisonment for all or part of the term of supervised

Plea Agreement - 1

release without credit for time previously served on post-release supervision.

   2. <u>The Court is Not a Party to the Agreement:</u>

The Court is not a party to this Plea Agreement and may accept or reject this Plea Agreement.  Sentencing is a matter that is solely within the discretion of the Court.  The Defendant understands that the Court is under no obligation to accept any recommendations made by the United States and/or by the Defendant; that the Court will obtain an independent report and sentencing recommendation from the U.S. Probation Office; and that the Court may, in its discretion, impose any sentence it deems appropriate up to the statutory maximums stated in this Plea Agreement.

The Defendant acknowledges that no promises of any type have been made to the Defendant with respect to the sentence the Court will impose in this matter.  The Defendant understands that the Court is required to consider the applicable sentencing guideline range, but may depart upward or downward under the appropriate circumstances.

The Defendant also understands that should the sentencing judge decide not to accept any of the parties' recommendations, that decision is not a basis for withdrawing from this Plea Agreement or a basis for withdrawing this plea of guilty.

   3. <u>Waiver of Constitutional Rights:</u>

The Defendant understands that by entering this plea of guilty the Defendant is knowingly and voluntarily waiving certain constitutional rights, including:

   a. The right to a jury trial;
   b. The right to see, hear and question the witnesses;
   c. The right to remain silent at trial;
   d. The right to testify at trial; and
   e. The right to compel witnesses to testify.

While the Defendant is waiving certain constitutional rights, the Defendant understands the Defendant retains the right to be assisted through the sentencing and any direct appeal of the conviction and sentence by an attorney, who will be appointed at no

Plea Agreement - 2

cost if the Defendant cannot afford to hire an attorney.

    4. <u>Elements of the Offense</u>:

The United States and the Defendant agree that in order to convict the Defendant of Felon in Possession of Firearm, in violation of 18 U.S.C. § 922(g)(1), 924(a)(2), as charged in the Indictment, the United States must prove beyond a reasonable doubt the following elements:

    First, the Defendant knowingly possessed a firearm;

    Second, the firearm had been shipped from one state to another or between a foreign nation and the United States; and

    Third, at the time the Defendant possessed the firearm, Defendant knew that he had been convicted of a crime punishable by imprisonment for a term exceeding one year.

    9th Cir. Crim. Jury Instr. 8.65 (2010, modified).

    5. <u>Factual Basis and Statement of Facts</u>:

The United States and the Defendant stipulate and agree that the following facts are accurate; that the United States could prove these facts beyond a reasonable doubt at trial; and these facts constitute an adequate factual basis for the Defendant's guilty plea:

    On June 18, 2019, Zillah Police Department Officers responded to a domestic incident at a Zillah residence where a male and a female were present. When Officer Hoptowit arrived at the residence, he attempted to make contact at the front door but received no response. He could hear shuffling in the house and thought someone was running to the back door. He went to the back. When Chief Quantrell arrived to cover the back of the house, Officer Hoptowit and Sgt. Montgomery returned to the front door.

    After several attempts, the renter of the residence – recognized by Officer Hoptowit to be Juanita Ramirez ("Ramirez") – came to the door. Officer Hoptowit saw her roommate, identified as Ruben Trey Salinas III ("Salinas"), in the living room in front of the couch. Sgt. Montgomery called out Salinas from the residence, while Officer Hoptowit spoke to Ramirez at the door. The officers were aware that Salinas was a

///

Plea Agreement - 3

previously convicted felon with gang ties.

Ramirez said she was on the phone with her lawyer and the homeowner Bill Schuler. Officer Hoptowit said that was fine, but he needed to know why police were called. Ramirez said her lawyer instructed her to call police because her roommate/relative (Salinas) was acting out of control and had recently attacked her at another location.

The two were separated. Ramirez said her roommate wanted to leave and she wanted a no contact order and for him to stay gone. Officer Hoptowit explained that if there was no ongoing domestic violence or a current protection order, she would have to evict him because he was resident and had established residency there.

Salinas stated that he wanted to voluntarily give up his residency at the house and not return. Officers were then invited to escort Salinas to retrieve his personal effects from the residence and leave. While Chief Quantrell was about to begin escorting Salinas inside the residence, Quantrell noticed a handgun sitting in plain view on the couch on top of a Reebok bag that belonged to Salinas.

The pistol was seized for officer safety purposes. Both individuals denied ownership of the pistol. At that time, Salinas was taken into custody and read his Miranda rights. Officer Hoptowit handcuffed Salinas and sat him on a nearby chair. Officer Hoptowit asked Salinas if he understood his warnings and Salinas said, "yes, I understand." Chief Quantrell asked both Salinas and Ramirez where the magazine to the firearm was located. Salinas said, "The magazine didn't come with it." Officer Hoptowit escorted Salinas to his patrol unit and placed his belongings in the back. Officer Hoptowit asked Salinas if there was anything in his bags that he should know about. Salinas responded that "the black bag has loose bullets in it." Salinas was booked on state charges.

WSP fingerprint technicians later recovered a latent fingerprint from the firearm. The fingerprint matches Salinas' fingerprint records. ATF confirmed that the firearm was manufactured outside of Washington and identified the firearm as a Phoenix Arms,

Plea Agreement - 4

Model HP22A, .22LR caliber pistol, bearing serial number 4446487.

At the time Salinas possessed the preceding firearm, he knew that he had been previously convicted of a crime punishable by more than one year of imprisonment and that he had been sentenced to a 14-month term of incarceration for Second Degree Taking a Motor Vehicle Without Permission in Yakima Superior Court Case No. 17-1-00821-39.

This statement of facts does not preclude either party from presenting and arguing, for sentencing purposes, additional facts which are relevant to the guideline computation or sentencing, unless otherwise prohibited in this agreement.

6. <u>The United States Agrees:</u>

   a. <u>Not to File Additional Charges:</u>

The United States Attorney's Office for the Eastern District of Washington agrees not to bring any additional charges against the Defendant based upon information in its possession at the time of this Plea Agreement and arising out of Defendant's conduct involving illegal activity charged in the Indictment, unless the Defendant breaches this Plea Agreement any time before or after sentencing.

7. <u>United States Sentencing Guideline Calculations:</u>

The Defendant understands and acknowledges that the United States Sentencing Guidelines (hereinafter "U.S.S.G.") are advisory to this case and that the Court will determine the Defendant's applicable sentencing guideline range at the time of sentencing.

   a. <u>Base Offense Level:</u>

The United States and the Defendant agree that pursuant to U.S.S.G. § 2K2.1(a)(6), the Base Offense Level is fourteen (14), because the Defendant was a prohibited person at the time he committed the instant offense.

   b. <u>Specific Offense Characteristics:</u>

The United States and the Defendant make no agreement as to whether any

///

Plea Agreement - 5

specific offense characteristics may apply.

8. <u>Acceptance of Responsibility:</u>

If the Defendant pleads guilty and demonstrates a recognition and an affirmative acceptance of personal responsibility for the criminal conduct; provides complete and accurate information during the sentencing process; does not commit any obstructive conduct; accepts this Plea Agreement; and enters a plea of guilty pursuant to this Plea Agreement, the United States will recommend that the Defendant receive a two (2) level reduction for acceptance of responsibility, and if the Defendant's adjusted offense level is sixteen (16), or greater, the United States will move for a one (1)-level reduction for timeliness. *See* U.S.S.G. §§ 3E1.1(a) and (b).

The Defendant and the United States agree that the United States may at its option and upon written notice to the Defendant, not recommend a three (3) level downward reduction for acceptance of responsibility if, prior to the imposition of sentence, the Defendant is charged or convicted of any criminal offense whatsoever or if the Defendant tests positive for any controlled substance.

9. <u>Criminal History:</u>

The United States and the Defendant understand that the Defendant's criminal history computation ultimately will be determined by the Court after review of the Presentence Investigation Report. The United States and the Defendant have made no agreement and make no representations as to the criminal history category, which shall be determined after the Presentence Investigation Report is completed.

10. <u>Incarceration:</u>

The United States and the Defendant agree that the United States will recommend that the Court impose a sentence of imprisonment within the applicable Guidelines sentencing range and that the Defendant may ask for any legal sentence.

11. <u>Criminal Fine:</u>

The United States and the Defendant are free to make whatever recommendation

///

Plea Agreement - 6

concerning the imposition of a criminal fine that they believe is appropriate.

12. <u>Supervised Release</u>:

The United States and the Defendant agree to recommend that the Court impose a term of supervised release of three (3) years and to recommend that the Court impose the statutorily mandated, standard, and suggested special conditions of supervised release recommended by the U.S. Probation Office and as set forth in the Presentence Investigation Report.

13. <u>Mandatory Special Penalty Assessment</u>:

The Defendant agrees to pay the $100 mandatory special penalty assessment to the Clerk of Court for the Eastern District of Washington, at or before sentencing, pursuant to 18 U.S.C. § 3013 and shall provide a receipt from the Clerk to the United States before sentencing as proof of this payment.

14. <u>Payments While Incarcerated</u>:

If the Defendant lacks the financial resources to pay the monetary obligations imposed by the Court, the Defendant agrees to earn the money to pay toward these obligations by participating in the Bureau of Prisons' Inmate Financial Responsibility Program.

15. <u>Additional Violations of Law Can Void Plea Agreement</u>:

The Defendant and the United States agree that the United States may at its option and upon written notice to the Defendant, withdraw from this Plea Agreement or modify its recommendation for sentence if, prior to the imposition of sentence, the Defendant is charged or convicted of any criminal offense whatsoever or if the Defendant tests positive for any controlled substance.

16. <u>Judicial Forfeiture</u>:

The Defendant, RUBEN TREY SALINAS III, agrees to voluntarily forfeit any and all right, title and interest he has in the following listed assets in favor of the United States, including, but not limited to:

- a Phoenix Arms, Model HP22A, .22LR caliber pistol, bearing

Plea Agreement - 7

serial number 4446487.

The Defendant acknowledges that the firearm covered by this agreement is subject to forfeiture as property facilitating or involved in illegal conduct in violation of 18 U.S.C. § 922(g)(1), Felon in Possession of a Firearm, and is therefore forfeitable to the United States pursuant to 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c).

The Defendant agrees to take all steps as requested by the United States to pass clear title to the assets to the United States and to testify truthfully in any forfeiture proceeding.

The Defendant agrees to hold all law enforcement and the United States, its agents, and its employees harmless from any claims whatsoever arising in connection with the seizure and forfeiture of any asset(s) covered by this agreement. Defendant consents to the forfeiture, destruction, and/or return of assets to lawful owners, without further notice.

The Defendant further agrees to waive all constitutional, equitable and statutory challenges in any manner (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this Plea Agreement on any grounds, including that the forfeiture constitutes an excessive fine or punishment. Defendant knowingly and voluntarily waives his right to a jury trial on the forfeiture of the asset(s). Defendant waives oral pronouncement of forfeiture at the time of sentencing, and any defects that may pertain to the forfeiture.

17. Hyde Amendment Waiver:

The Defendant waives any claim under the Hyde Amendment, 18 U.S.C. § 3006A (Statutory Note), for attorney's fees and other litigation expenses arising out of the investigation or prosecution of this matter.

18. Effect on Immigration Status:

The Defendant, recognizes that pleading guilty may have consequences with respect to his immigration status if he is not a citizen of the United States. Under federal law, a broad range of crimes are removable offenses, including the offense to which the Defendant is pleading guilty. Indeed, due to the charge to which Defendant is pleading

Plea Agreement - 8

guilty, removal is presumptively mandatory. Removal and other immigration consequences are the subject of a separate proceeding, however, and Defendant understands that while deportation and/or removal appears to be a virtual certainty, no one, including her attorney or the Court, can predict with absolute certainty the effect of his conviction on his immigration status. Defendant nevertheless affirms that he wants to plead guilty regardless of any immigration consequences that his plea may entail, even if automatic removal from the United States is a virtual certainty.

19. <u>Appeal Rights</u>:

The Defendant expressly waives his right to appeal any aspect of his conviction and sentence imposed by the Court. Furthermore, the Defendant expressly waives his right to file any post-conviction motion attacking his conviction and sentence, including a motion pursuant to 28 U.S.C. § 2255, except one based upon ineffective assistance of counsel based on information not now known by Defendant and which, in the exercise of due diligence, could not be known by Defendant by the time the Court imposes the sentence.

The Defendant acknowledges that this waiver shall result in the dismissal of any appeal or collateral attack the defendant might file challenging the conviction or sentence in this case, except for ineffective assistance of counsel as noted above. If the Defendant files a notice of appeal, a habeas petition, or other collateral attack, notwithstanding this agreement, the Defendant agrees that this case shall, upon motion of the government, be remanded to the district court to determine whether Defendant is in breach of this agreement and, if so, to permit the government to withdraw from the Plea Agreement.

20. <u>Waiver of Inadmissibility of Statements</u>:

The Defendant agrees to waive the inadmissibility of statements made in the course of plea discussions with the United States, pursuant to Fed. R. Crim. P. 11(f). This waiver shall apply if the Defendant withdraws this guilty plea or breaches this Plea Agreement. The Defendant acknowledges that any statements made by the Defendant to law enforcement agents in the course of plea discussions in this case would be admissible

Plea Agreement - 9

against the Defendant in the United States' case-in-chief if the Defendant were to withdraw or breach this Plea Agreement.

21. <u>Integration Clause:</u>

The United States and the Defendant acknowledge that this document constitutes the entire Plea Agreement between the United States and the Defendant, and no other promises, agreements, or conditions exist between the United States and the Defendant concerning the resolution of the case. This Plea Agreement is binding only upon the United States Attorney's Office for the Eastern District of Washington, and cannot bind other federal, state or local authorities. The United States and the Defendant agree that this agreement cannot be modified except in a writing that is signed by the United States and the Defendant.

**Approvals and Signatures**

Agreed and submitted on behalf of the United States Attorney's Office for the Eastern District of Washington.

William D. Hyslop
United States Attorney

_____      3/4/2020
Ian L. Garriques                                        Date
Assistant United States Attorney

I have read this Plea Agreement and have carefully reviewed and discussed every part of the agreement with my attorney. I understand and voluntarily enter into this Plea Agreement. Furthermore, I have consulted with my attorney about my rights, I understand those rights, and I am satisfied with the representation of my attorney in this case. No other promises or inducements have been made to me, other than those

Plea Agreement - 10

contained in this Plea Agreement, and no one has threatened or forced me in any way to enter into this Plea Agreement. I am agreeing to plead guilty because I am guilty.

*Ruben Salinas*  3/4/2020
Ruben Trey Salinas III          Date
Defendant

I have read the Plea Agreement and have discussed the contents of the agreement with my client. The Plea Agreement accurately and completely sets forth the entirety of the agreement between the parties. I concur in my client's decision to plead guilty as set forth in the Plea Agreement. There is no legal reason why the Court should not accept the Defendant's plea of guilty.

*RCE*  3/4/2020
Robin C. Emmans          Date
Attorney for the Defendant

Plea Agreement - 11